UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Vicki L. Gillespie

    v.                              Civil No. 04-360-JD

Jo Anne B. Barnhart, Commissioner
Social Security Administration


O R D E R

Following the court's order reversing and remanding the Commissioner's decision to deny her application for social security disability benefits, Vicki L. Gillespie moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposes Gillespie's motion, asserting that the Commissioner's litigation position was substantially justified. She also argues that some of the fees requested by Gillespie are excessive. Gillespie filed a reply to address the issues raised by the Commissioner.

I.    EAJA

"Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

The government's position is "substantially justified if it has a reasonable basis in both law and fact, a determination made on a case by case basis."  Jean v. United States, 395 F.3d 449, 455 (1st Cir. 2005) (internal quotation marks omitted).  In making that determination, the court must consider the actual merits of the government's litigation position as to both the facts and the law.  Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001).

Here, Gillespie argued that the Commissioner erred in relying on a five-year-old assessment by a nonexamining state agency consultant and discrediting more recent medical evidence, failed to consider some of the effects of her physical condition on her ability to work, and erred in not finding that her spine condition was a minimally severe impairment.  In response, the Commissioner argued that the Administrative Law Judge ("ALJ") properly considered the record evidence in making her residual functional capacity assessment and properly found that Gillespie was able to return to her past work or do other work that exists in significant numbers in the national economy.  The court ruled that the ALJ erred in relying on the state agency consultant's assessment, in equating two of Gillespie's illnesses which instead presented two distinct conditions, and in improperly failing to consider the fatigue associated with Addison's disease.  The court also concluded, however, that some of

Gillespie's issues were inconsequential and that the ALJ had correctly noted that the record showed Gillespie was healthy and active during much of the period in question. On balance, the court found that it was a very close case whether the ALJ's factual errors were harmless taken in the context of the entire record but decided in favor of giving the administrative process the opportunity to correct the noted errors.

If the Commissioner had acknowledged even some of the ALJ's errors and argued that the errors were nonetheless harmless, her litigation position likely would have been substantially justified. The Commissioner did not take that position, however. Instead, she challenged all of the issues Gillespie raised on the merits. Although the Commissioner was correct as to some of the issues, on balance, she overplayed her hand. Therefore, her position was not substantially justified.[1]

## II. Award of Fees

An award of fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). Courts generally use the "lodestar" method to determine an appropriate award, which involves multiplying the number of hours reasonably spent on the

---

[1] The Commissioner does not argue that special circumstances make an award unjust in this case. See § 2412(d)(1)(A).

litigation by a reasonable hourly rate.  See, e.g., Brighton Vill. Nominee Trust v. Malyshev, 2005 WL 1513116, *3 (D. Mass. June 23, 2005); Ct. Dep't of Soc. Servs. v. Thompson, 289 F. Supp. 2d 198, 203 (D. Conn. 2003); Kimball v. Shalala, 826 F. Supp. 573, 577 (D. Me. 1993).  In addition, § 2412(d)(2)(ii) caps the hourly rate at $125 "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Gillespie seeks an award based on work by three attorneys and hourly rates of $151.65 an hour for work done in 2004 and $155.35 an hour for work done in 2005.  Counsel contend that the increase is based on an increase in the cost of living since 1996 when the $125 rate was established.  The Commissioner does not contest the hourly rate sought by Gillespie's attorneys.

The three attorneys who represented Gillespie in this litigation are Raymond Kelly, Chantal J. Harrington, and Sarah H. Bohr.  Bohr and Harrington practice together in Florida, where they prepare briefs for other attorneys in social security cases. In this case, Harrington worked on the joint statement of facts and prepared the brief and reply in support of Gillespie's motion to reverse the Commissioner's decision.  Bohr prepared the petition for attorneys' fees.  Kelly practices in New Hampshire

and represented Gillespie from the beginning of her administrative proceeding.  After Kelly obtained the services of Bohr and Harrington, he primarily oversaw their preparation of the case for review.

The Commissioner objects to some of the time claimed by Kelly as being "non core" work for an attorney.  In response, Kelly has trimmed 2.5 hours from the time submitted.  On review, it appears that Kelly has sufficiently addressed the issues the Commissioner raises to bring the number of hours he claims into a reasonable range.  The court denies Gillespie's additional request for fees for the four hours used to prepare her response to the Commissioner's objection.

## Conclusion

For the foregoing reasons, the plaintiff's petition for an award of fees (document no. 14) is granted in the amount of $5,583.67.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 26, 2005

cc:  David L. Broderick, Esquire
     Raymond J. Kelly, Esquire